IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | §    2:22-CV-113-Z-BR |
| | § |
| LUCKY SHOT LLC, *et al.*, | § |
| | § |
| Defendants. | § |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Joe Hand Promotions, Inc.'s ("Plaintiff") Second Motion for Default Judgment ("Motion") (ECF No. 22), filed on October 19, 2022. Having considered the Motion, pleadings, and applicable law, the Court **GRANTS** the Motion.

**BACKGROUND**

Plaintiff alleges the following facts in support of default judgment. Plaintiff is a Pennsylvania-based corporation that holds the exclusive commercial license to distribute and authorize the public display of the audiovisual, closed-circuit broadcast of the *Manny Pacquiao vs. Keith Thurman* boxing match ("Program"). ECF No. 1 at 2. Plaintiff's license includes all undercard bouts and commentary telecast on July 20, 2019, for business entities. *Id.*

Plaintiff broadcasted the Program via satellite uplink. *Id.* at 3. The Program was then retransmitted interstate to cable systems and satellite television companies via satellite signal. *Id.* at 4. The interstate satellite transmission of the Program was electronically coded or scrambled in an attempt to make the Program unavailable for free use by the general public. *Id.* To distribute the Program, Plaintiff entered into agreements with various commercial establishments in the

State of Texas. *Id.* These agreements allowed establishments to pay a fee and show the program to their patrons. *Id.*

Defendants Lucky Shot LLC, Kyaw Thu Ya, and La Pham ("Defendants") are an Amarillo, Texas-based business and owners, members, managers, officers, or principals of that business. *See id.* at 2–3. The Program was legally available to Defendants for exhibition only after paying Plaintiff a commercial sublicensing fee. *Id.* at 4. But Defendants did not contract with Plaintiff. *Id.* Instead, Defendants "took affirmative steps to circumvent the commercial licensing requirement and unlawfully obtained the Program through an unauthorized cable signal, satellite signal, and/or internet stream." *Id.* "Defendants willfully engaged in wrongful acts to intercept and/or receive the Program for free or at a nominal cost or assisted in such actions" and "knew, or should have known, the interception and/or receipt and exhibition of the Program at their [e]stablishment was not properly authorized." *Id.* at 5.

Defendants did not broadcast the Program as a private viewing for residential, non-commercial purposes. *Id.* Instead, Defendants advertised the viewing on social media and charged a cover fee to enter their establishment and view the Program. *Id.* Defendants also served food and drinks to patrons during the broadcast. *Id.* Plaintiff alleges Defendants "intentionally pirated or assisted in the intentional piracy of the Program for the purpose of their own economic gain." *Id.* at 6. Defendants lacked "license, authorization, permission, or consent from Plaintiff to exhibit the Program." *Id.*

On May 26, 2022, Plaintiff sued Defendants for violations of the Communications Act of 1934, 47 U.S.C. §§ 553 and 605. *See generally* ECF No. 1.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment — "a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). A default occurs when a defendant fails to plead or otherwise respond to the complaint within the allotted time, thereby entitling the plaintiff to apply for judgment based on such default. *See* FED. R. CIV. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). If a default occurs and the United States District Clerk enters default, the movant may "apply to the court for a default judgment." FED. R. CIV. P. 55(b)(2). A district court need not grant a default judgment; the rendering of a default judgment is discretionary. *Lewis*, 236 F.3d at 767. A party is not entitled to a default judgment as a matter of right — even when the defendant is technically in default. *Id.*

Federal Rule of Civil Procedure 55(b)(2) governs applications for default judgment. A default judgment is available if the movant establishes: (1) the defendant was served with summons and complaint and default was entered for the defendant's failure to appear; (2) the defendant is neither a minor nor an incompetent person; (3) the defendant is not in military service; and (4) if the defendant has appeared in the action, the defendant was provided with notice of the application for default judgment. FED. R. CIV. P. 55; 50 U.S.C. § 3931. The movant must also make a prima facie showing of jurisdiction. *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 325 (5th Cir. 2001).

By failing to answer a complaint, a defendant admits the plaintiff's allegations of fact, and the facts are deemed admitted for the purposes of the judgment. *Nishimatsu Constr. Co. v. Hous.*

*Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). The defendant against whom the court renders default judgment is barred from contesting these facts on appeal. *Id.* Still, "[a] default judgment is unassailable on the merits [ ] only so far as it is supported by well-pleaded allegations, assumed to be true." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (quoting *Nishimatsu Constr.*, 515 F.2d at 1206); *see also* FED. R. CIV. P. 8(a)(2). "Put another way, '[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Wooten*, 788 F.3d at 496 (quoting *Nishimatsu Constr.*, 515 F.2d at 1206) (alteration in original).

### ANALYSIS

On July 2, 2022, Plaintiff served Defendants with summons and copies of the Complaint. *See* ECF Nos. 11–14. Defendants did not answer or otherwise respond to the Complaint within the time set forth by Rule 12. Plaintiff therefore requested entry of default against Defendants. *See* ECF No. 15. The District Clerk entered default on July 29, 2022. *See* ECF No. 16. Plaintiff subsequently moved for default judgment. *See* ECF No. 18. The Court partially denied Plaintiff's initial motion for default judgment but granted leave to refile. *See generally* ECF No. 21. Plaintiff did so. *See generally* ECF No. 22. As of today, Defendants have yet to appear. *See United States v. McCoy*, 954 F.2d 1000, 1003 (5th Cir. 1992) ("We have not limited the concept of an 'appearance' to those instances in which the party has made a physical appearance in court or has filed a document in the record. Rather, we have required only that the party against whom the default judgment is sought indicate in some way an intent to pursue a defense.").

### A. The Court Possesses Jurisdiction

Because Plaintiff sues under 47 U.S.C. §§ 553 and 605, this case presents a federal question. *See* 28 U.S.C. § 1331. Accordingly, the Court finds its possesses subject-matter jurisdiction over this action.

### B. Plaintiff Adequately Alleges Violations of 47 U.S.C. §§ 553 and 605

Section 553 prohibits the unauthorized interception of receipt or cable services, whereas Section 605 prohibits same with respect to satellite communications. To prevail under either statute, Plaintiff must prove: (1) the Program was shown in Defendants' commercial establishment; (2) without Plaintiff's authorization; and (3) Plaintiff was the exclusive licensee. *See J & J Sports Prods., Inc. v. Q Café, Inc.*, No. 3:10-CV-02006-L, 2012 WL 215282, at *3 (N.D. Tex. Jan. 25, 2012).

Plaintiff's Complaint adequately alleges violations of Sections 553 and 605. *See generally* ECF No. 1. And Plaintiff provides evidence in support of its allegations. *See, e.g.*, ECF No. 23-2 (declaration of Joseph P. Hand, III detailing licensing scheme and events pleaded in Complaint); ECF No. 23-3 (commercial licensing agreement); ECF No. 23-4 (Plaintiff's pricing scheme); ECF No. 23-5 (affidavit of Amanda Grace corroborating Plaintiff's allegations); ECF No. 23-7 (Facebook posts by Defendant Lucky Shot LLC promoting the Program). To hold *all* Defendants liable for the violations of a limited liability corporation — however — the Court must make additional findings.

Although a court may hold an individual liable for a violation of Sections 553 and 605, it must be shown that the individual possessed: (1) the right and ability to supervise the unauthorized activities of the establishment in those activities; and (2) an obvious and direct financial interest in those activities. *See J & J Sports Prods.*, 2012 WL 215282, at *4. Plaintiff alleges Defendants Kyaw Thu Ya and La Pham "operated, maintained, and controlled" and were owners, members, managers, officers, or principals of the establishment with a right to supervise establishment activities. ECF No. 1 at 2–3. Plaintiff further alleges Defendants Kyaw Thu Ya and La Pham "had an obvious and direct financial interest in the activities of [Defendant Lucky Shot LLC] on the

date of the Program." *See id.* at 2, 3. Competent evidence supports these allegations. *See, e.g.*, ECF No. 19-1 (certificate of formation of limited liability company listing Defendants Kyaw Thu Ya and La Pham as managing members of Lucky Shot LLC). Therefore, the Court finds the facts alleged show all Defendants — Lucky Shot LLC, Kyaw Thu Ya, and La Pham — violated Sections 553 and 605.

### C. Plaintiff Satisfies Previously Unsatisfied Default-Judgment Requirements

Plaintiff has established Defendants were properly served and the District Clerk entered default. *See* FED. R. CIV. P. 55(a); *see also* ECF No. 11. Plaintiff has now supplied affidavits attesting, to the best of Plaintiff's knowledge, that no Defendant is a minor or incompetent person. *See* FED. R. CIV. P. 55(b)(2); ECF No. 22 at 10–11. Plaintiff has also now established that no Defendant is "in military service." 50 U.S.C. § 3931; *see also* ECF No. 22 at 10–12.

### D. The Court Need Not Hold a Damages Hearing

Plaintiff asks for several categories of damages. First, Plaintiff seeks damages under 47 U.S.C. § 605(e)(3)(C)(i)(II). Each violation of Section 605(e)(3)(C)(i)(II) entitles one to statutory damages between $1,000 and $10,000. For Defendants' violations, Plaintiff requests $10,000 in Section 605(e)(3)(C)(i)(ii) damages. *See* ECF No. 22 at 24. Second, Defendant asks for damages under 47 U.S.C. § 605(e)(3)(C)(ii), arguing "the minimum amount" of $50,000 "or five times the amount of statutory damages," assuming "$10,000.00 in statutory damages," should be awarded. *Id.* at 27. Third, Plaintiff requests attorney's fees and costs under Section 605(e)(3)(B)(iii). *Id.* Plaintiff seeks all damages, fees, and costs from Defendants jointly and severally. *Id.* at 29.

"A default judgment does not establish the amount of damages." *Crawford v. Lee*, No. 3:10-CV-1499-L, 2011 WL 2115824, at *4 (N.D. Tex. May 24, 2011). "A defendant's default

concedes the truth of the [well-pleaded] allegations of the Complaint concerning the defendant's liability, but not damages." *Ins. Co. of W. v. H & G Contractors, Inc.*, No. C-10-390, 2011 WL 4738197, at *3 (S.D. Tex. Oct. 5, 2011). It is the movant's burden to bring forth competent evidence in support of damages. *See Halff Assocs., Inc. v. Warner Pac. Props. L.L.C.*, No. 3-08-CV-574-B, 2008 WL 3874673, at *2 (N.D. Tex. Aug. 13, 2008). To meet this burden, the movant may submit affidavits and declarations to provide an evidentiary basis. *See id.*; *Gomez v. Managing Innovation & Tech., Inc.*, 3:14-CV-936-M, 2015 WL 6150905, at *2 (N.D. Tex. Oct. 15, 2015) (relying on declaration and attorney affidavit to establish damages and fees).

Generally, a court may grant default judgment and determine damages without an evidentiary hearing if "the amount claimed is a liquidated sum or one capable of mathematical calculation." *Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 414 (5th Cir. 1998) (quoting *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)). It is a matter within the Court's discretion whether to hold a hearing before awarding damages in a default judgment. *See* FED. R. CIV. P. 55(b)(2). Here, "the Court concludes that a hearing is not necessary on the issue of damages under [S]ection 605." *Joe Hand Promotions, Inc. v. Escamilla*, No. 4:13-CV-182-Y, Order Granting Motion for Default Judgment, at 4 n.1 (N.D. Tex. Sept. 17, 2013) (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)). "Plaintiff did not request a hearing, but has attached detailed affidavits from which damages can be calculated 'with certainty by reference to the pleadings and supporting documents alone . . . .'" *Joe Hand Promotions, Inc. v. Mechler*, No. 2:18-CV-053-AM-VRG, 2019 WL 6048032, at *3 (W.D. Tex. July 26, 2019) (quoting *Frame v. S-H, Inc.*, 967 F.2d 194, 204 (5th Cir. 1992)), *report and recommendation adopted*, 2019 WL 6048015 (N.D. Tex. Sept. 11, 2019). "Since a hearing would not reveal any additional pertinent

information, 'the [C]ourt need not jump through the hoop of an evidentiary hearing.'" *Id.* (quoting *James v. Frame*, 6 F.3d 307, 311 (5th Cir. 1993)).

Based on the foregoing, the Court awards the following damages, fees, and costs:

- $10,000.00 in statutory damages under 47 U.S.C. § 605(e)(3)(C)(i)(II) from all Defendants, jointly and severally;

- $50,000.00 in statutory damages under 47 U.S.C. § 605(e)(3)(C)(ii) from all Defendants, jointly and severally;

- Attorney's fees from all Defendants, jointly and severally, in the amount of $4,175.00,[1] along with attorney's fees for post-trial and appellate services in the amounts of $2,500.00 for collection of a judgment rendered in this action in the event Plaintiff obtains a writ of execution, writ of garnishment, writ of attachment, or other process, $5,000.00 in the event any Defendant files a post-judgment or pre-appeal motion that does not result in reversal of judgment, and $15,000.00 in the event any Defendant files an appeal to the United States Court of Appeals for the Fifth Circuit that does not result in reversal of judgment;

- Costs from all Defendants, jointly and severally, in the amount of $640.00; and

- Post-judgment interest at the highest rate allowed by law as of the date of this Memorandum Opinion and Order.[2]

**CONCLUSION**

The Court **GRANTS** default judgment as to all Defendants. The Court **GRANTS** Plaintiff's request for damages, attorney's fees, and costs as to Plaintiff's claims against all Defendants.

**SO ORDERED.**

October 31, 2022

*[signature]*

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

---

[1] This amount does not include attorney's fees for Plaintiff's second Motion, as the Court will not award fees when Plaintiff failed to attach affidavits necessary for default judgment and plainly required by federal statute and rule of civil procedure to its first motion for default judgment.

[2] *See* Post Judgment Interest Rates, https://www.txnd.uscourts.gov/post-judgment-rates.